CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

**MARK STEVEN REINERT,**

Plaintiff,

v.

**TESLA, INC,**

Defendant.

Civil Action No.: 3:25cv00102

Please Serve:
CT Corporation System
4701 Cox Rd, Ste 285
Glen Allen, VA 23060

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiff, Mark Steven Reinert and moves the Court for judgment against Defendant Tesla, Inc on the basis of the following facts and laws:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.
2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code §1332, Plaintiff is a citizen of Rixeyville, Virginia and Defendant Tesla,

Inc is a corporation organized under the laws of Texas with a principal place of business in Austin, Texas. The amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Charlottesville Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On April 6, 2025, the Plaintiff purchased a 2026 Tesla Model Y AWD VIN: 7SAYGDEE5TA387080 for $50,630.00 from Tesla, Inc in Vienna, Virginia. Tesla, Inc is an authorized dealer of Defendant Tesla, Inc for sales and warranty service repair.

5. The Subject Vehicle was manufactured and/or distributed by the Defendant Tesla, Inc.

6. The Subject Vehicle came with a 4-year/50,000-mile limited warranty, an 8-year/120,000-mile battery warranty, and an 8-year/120,000-mile drive unit warranty.

7. On July 11, 2025, the Plaintiff brought the Subject Vehicle to Tesla, Inc in Rockville, Maryland for warranty service and repair stating that the WiFi doesn’t connect unless rebooted, and after connecting no IP address is shown. Repair

attempts were made. The vehicle was picked up on July 12, 2025. The vehicle was out of service for 2 days due to this warranty defect.

8. On August 22, 2025, the Plaintiff brought the Subject Vehicle to Tesla, Inc in Sterling, Virginia for warranty service and repair stating that the WiFi is still not connecting, and the driver seat cover is coming undone. Repair attempts were made. The vehicle was picked up on August 22, 2025. The vehicle was out of service for 1 day due to these warranty defects.

9. On October 16, 2025, the Plaintiff brought the Subject Vehicle to Tesla, Inc in Vienna, Virginia for warranty service and repair stating that the headlights and taillights front LED rail is condensing on the inside; the WiFi is still not working and not showing an IP address; the glovebox needed to be reworked; the driver seat cover is coming undone; and the interior LED is misaligned on the passenger door. Repair attempts were made. The vehicle was picked up on October 17, 2025. The vehicle was out of service for 2 days due to these warranty defects.

10. Despite 3 repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of about 5 days out of service. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

**COUNT ONE**

**VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE § 59.1-207.11 ET SEQ. *"LEMON LAW"***

11. The facts alleged in Paragraphs 1-10 are re-pled and incorporated herein by reference.

12. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law"*) Virginia Code §59.1-207.11 et seq. Defendant General Motors LLC is a manufacturer as defined by Virginia Code §59.1-207.11 et seq and received due notice under the same statute.

13. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that *"a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer."* Virginia Code §59.1-207.10. as such, it was *"the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time."* Id. Plaintiff's defective motor vehicle has in fact, created a serious hardship for Plaintiff and Defendant has failed to resolve the warranty defects despite multiple good faith attempts by Plaintiff.

14. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. See, Virginia. Code §59.1-207.12. The Virginia Lemon Law further states that *"[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including*

*those that do not affect the drivability of the motor vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the Lemon Law rights period, the manufacturer shall: (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given to the manufacture, its agents or authorized dealer."* See, Virginia. Code §59.1-207.13(A).

15. Specifically, Virginia Code §59.1-207.13(B)(1) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist*." The Plaintiffs' vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety. The Plaintiff's vehicle has a defective electrical system that has been the subject of repair three or more times, and the defect still exists. This significantly impairs the use, market value, and safety of the Subject Vehicle.

16. Virginia Code §59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. The Plaintiff's vehicle qualifies for this presumption.

17. Plaintiff seeks to recover as damages the total delivered price of $57,520.44 all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide. See, Virginia Code §59.1-207.14.

## COUNT TWO

## MAGNUSON-MOSS WARRANTY ACT

18. The facts alleged in Paragraphs 1-10 are incorporated herein by reference.

19. The Plaintiff is a consumer as defined in 15 U.S. Code §2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

20. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U. S. Code §2301 (6)(7), respectively.

21. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

22. Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff Mark Steven Reinert moves the Court for judgement against Defendant Tesla, Inc in the amount of the purchase price of the Subject Vehicle $50,630 as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgement interest running from the date of the first repair attempt, post-judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**MARK STEVEN REINERT,**

By: /s/ James B. Feinman, Esq

Of counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman, Attorney at Law
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*